UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
REGINALD HOPKINS,                   :
                                    :
        Plaintiff,                  :   Civ. No. 17-779 (NLH)
                                    :
    v.                              :   MEMORANDUM OPINION
                                    :
MS. RIVERA, et al.,                 :
                                    :
        Defendants.                 :
_____ :

IT APPEARING THAT:

1. On January 19, 2017, Plaintiff Reginald Hopkins ("Plaintiff") filed the instant Complaint asserting various claims pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). (ECF No. 1.)

2. Because the in forma pauperis ("IFP") application Plaintiff submitted with his Complaint was incomplete, the Court denied his application and administratively terminated this action. (ECF Nos. 3, 4.)

3. Thereafter, Plaintiff submitted a second IFP application. (ECF No. 5.) Based on mail that was returned to the Court, and statements by Plaintiff in his second IFP application, it appears that Plaintiff may no longer be a prisoner. However, it is not clear, and the information reported by Plaintiff in his application is contradictory.

4. Specifically, he lists his average monthly income during the past 12 months as zero, but also states that he was employed while he was in prison. (Id.) Additionally, in his original IFP application, he included a summary of his inmate account statement and that summary indicates that over the previous six months, he had approximately $1300 in deposits to his inmate account. (ECF No. 1-2.) This is contradictory to his statement that his income over the last 12 months was zero. Finally, Plaintiff did not complete Questions 9 or 10 on the application. (ECF No. 5.)

5. Because of the conflicting information he has provided, and his failure to fully complete the application, the Court will deny Plaintiff's second IFP application without prejudice. If Plaintiff wishes to proceed with this matter, he must submit a complete IFP application which accurately answers all questions contained in the form. To the extent he is no longer a prisoner and unable to obtain a copy of his prisoner account statement, he should so advise. The inability to obtain a copy of his prisoner account statement does not relieve Plaintiff of the obligation to provide the Court with a complete and accurate IFP application.

6. An appropriate Order follows.

Dated: August 21, 2017             s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.